Ranney, J.
It appears from the agreed statement of facts, upon which this cause is submitted to the court, that the lands in controversy were patented to the heirs of John Dodge, on the 12th of July, 1802. These heirs were five in number, one of whom, Theo *466 docia, married in 1812, and on the 23d of September, A. D. 1850, in connection with her husband, conveyed her undivided interest in the property to the lessor of the plaintiff. It is admitted that the defendant and those under whom he claims, have been in the exclusive and uninterrupted adverse occupancy of the premises for more than twenty-one years prior to this conveyance. The question is, does the act for the limitation of actions bar a recovery ?' On the part of the plaintiff, it is insisted that it does not, as the-said Theodocia was, during all that period, a feme covert, and exempted from its operation. While the defendant’s counsel admits that the statute did not run against her, he insists that the exception in that act affords only a personal privilege, and is only operative where she is a party to the action, and can not be set up by a-grantee claiming under her. But if this objection should not prevail, he still further insists that such grantee can, in no event, stand upon better ground than would the husband and wife, if the suit were brought by them; and that in such case, the bar upon the husband’s right of possession being perfect, no recovery could be-had upon their joint demise — the husband during the coverture having the exclusive right of possession, and a recovery inuring to his sole benefit.
^Without going at length into the reasons which bring us-to the conclusion, wo are all of opinion, that the first of these positions- is not well taken, and that the grantee or heir of one protected from the operation of the statutory bar, is entitled to the full benefit of that protection, and may bring a suit within the same time, and to the same effect, as though no change of ownership had oc-curred, and the suit was prosecuted in the name and for the benefit of the original owner. To hold otherwise, would be to deprive infants, insane persons, and femes covert of much of the benefit the statute was designed to afford, and would be utterly subversive of the well-established principle, that as against such persons, the-statute does not begin to run, or to have any effect upon their interests, during the continuance of the disability. Such interests, therefore, pass to the heir or purchaser, wholly unaffected by any lapse of time that.may have run, while the owner was without the provisions of the statute.
But in the case of Thompson’s Lessee v. Green, we have stated our reasons fully for holding that an action can not be maintained, *0 on the demise of husband and wife, after the statute has run for the full period against the husband, while the coverture continues. It would hardly be supposed that their grantee occupied a better position, and that case is, therefore, decisive of this.
Judgment must be entered for the defendant.